**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norolk Division**

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 2:07cr17

SHAWN LEE HENDERSON,

       Defendant.

<u>ORDER</u>

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on March 1, 2007, on the United States Government's motion to detain Defendant.  The Court FINDS that the following facts mandate Defendant's detention pending his trial.

    On February 7, 2007, a federal grand jury issued an indictment charging Defendant with one (1) count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1).  The Court FINDS that this charges, by its nature, "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," and thus is a "crime of violence" for detention purposes under 18 U.S.C. § 3142(f)(1)(A), which provides the basis for the Government's motion to detain Defendant.  <u>See</u> 18 U.S.C. § 3156(a)(4)(B) (defining "crime of violence").  The Court notes that these charges do not, however, give rise to a rebuttable presumption of detention.  <u>See</u> 18 U.S.C. § 3142(e).  At the detention hearing, the Government and Defendant proceeded by proffer.

The Court, having taken into consideration the proffers of counsel, the Pretrial Services Report, and the grand jury indictment of February 7, 2007, FINDS by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that Defendant is a risk of flight. The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community or the return of Defendant for further proceedings.

The Court considered the nature and seriousness of the charges faced by Defendant. If convicted on evidence beyond a reasonable doubt at trial, Defendant faces significant penalties, including up to ten (10) years imprisonment and a $250,000 fine.

The weight of the evidence against Defendant is strong. Two Norfolk police officers served an arrest warrant on Defendant on a charge of domestic assault and, during the course of the arrest, found a loaded firearm on Defendant's person.

The Court also considered the personal history and characteristics of Defendant. The Court notes that Defendant has ties to the community as his two children live in the area. However, Defendant is unmarried and states that he is currently unemployed. Defendant has no assets or liabilities, other than an obligation to pay child support for his two children. Further, Defendant has admitted to a history mental health problems. Defendant has a criminal history, with convictions for eight (8)

misdemeanors, including two convictions for failure to appear, and two convictions for driving on a suspended or revoked license.[1] Defendant has also been convicted of three (3) felonies, including felony assault on a police officer.

During the hearing, counsel for the Government advised the Court that Defendant has also been convicted of accessory after the fact to a charge of murder.

Because the weight of the evidence against Defendant is strong, and Defendant faces the risk of a lengthy period of incarceration on the instant charge, Defendant represents a risk of flight.  Because Defendant has been convicted of numerous criminal offenses, many of which involve violent behavior, Defendant represents a danger to the community.  Because there is no condition or combination of conditions that will reasonably assure Defendant's return for further proceedings or the safety of the community, the Court FINDS that Defendant should be detained.

The Court, therefore, ORDERS Defendant to be DETAINED pending his trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

---

[1] Defendant was charged on July 12, 2002, in Suffolk, Virginia, with driving on a suspended license.  It appears that a warrant for his arrest has been issued in connection with that charge.

Consequently, the Court further ORDERS Defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

Entered on March 2, 2007

                                                /s/
                                  F. Bradford Stillman
                                  United States Magistrate Judge